(1)

MARCELLUS ANTHONY JONES
NO: EB4795
SCI HUNTINGDON

IN THE UNITED STATES
DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED
SCRANTON**

APR 2 4 2012

PER _____ 
DEPUTY CLERK

MARCELLUS A JONES
PLANTIFF
V.
DEFENDANTS
JOHN WETZEL, ET AL

AMENDED COMPLAINT
CIVIL ACTION NO.
3:CV-12-0487

JURISDICTION & VENUE

- THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a) (3) PLANTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202, PLANTIFF CLAIMS FOR INJUNCTIVE RELIEF, ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND THE RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

- IN THE UNITED STATES DISTRICT COURTS FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 (b) (2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURED

## II. PLANTIFF

- PLANTIFF; MARCELLUS A. JONES, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF PENNSYLVANIA, IN THE CUSTODY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, HE IS CURRENTLY CONFINED IN; S.C.I. HUNTINGDON P.A. HUNTINGDON COUNTY.

## III. DEFENDANTS

4 DEFENDANT: JOHN WETZEL; IS THE COMMISSIONER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS HE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INDIVIDUAL INSTITUTION UNDER ITS JURISDICTION

5 DEFENDANT: TABB BICKELL; IS THE SUPERINTENDENT/WAR-DEN OF S.C.I. HUNTINGDON. HE IS RESPONSIBLE FOR THE OPERATION OF S.C.I. HUNTINGDON AND FOR THE WELFARE OF ALL THE PRISONERS THERE.

1 DEFENDANT: JAMES BARNACLE; IS AND WAS AT ALL TIMES MENTIONED HEREIN AN INVESTIGATOR FOR THE OFFICE OF SPECIAL INVESTIGATION (O.S.I.) AND ACTED AS SUCH AT ALL TIMES MENTIONED

1 DEFENDANT: TAYLOR; IS AND WAS AT ALL TIMES MENTIONED HEREIN A "R.H.U." LIEUTENANT LEGALLY RESPONSIBLE FOR PRISONERS WELFARE IN THE RESTRICTED HOUSING UNIT.

3 DEFENDANT: CAMPBELL; IS AND WAS AT ALL TIMES MENTIONED A CORRECTIONS OFFICER "C.O." IN THE RESTRICTED HOUSING UNIT "R.H.U." LEGALLY RESPONSIBLE FOR THE WELFARE OF PRISONERS IN THE R.H.U.

DEFENDANT: MANILLO; IS AND WAS AT ALL TIMES MENTIONED A CORRECTIONS OFFICER "C.O." IN THE RESTRICTED HOUSING UNIT "R.H.U." LEGALLY RESPONSIBLE FOR THE WELFARE OF PRISONERS IN THE "R.H.U."

2 DEFENDANT: McCLOSKEY; IS AND WAS AT ALL TIMES MENTIONED HEREIN A CORRECTIONS OFFICER "C.O." IN THE RESTRICTED HOUSING UNIT "R.H.U." LEGALLY RESPONSIBLE FOR THE WELFARE OF PRISONERS IN THE "R.H.U."

1 DEFENDANT: VIVIAN LANE; IS AND WAS AT ALL TIMES MENTIONED HE-REIN A DR. IN THE PSYCHOLOGY DEPARTMENT AT S.C.I. HUNTINGDON LEGALLY RESPONSIBLE FOR PRISONER'S MENTAL & PHYSICAL WELLBEING IN THIS PRISON

11   DEFENDANT: RICHARD Goss; IS AND WAS AT ALL TIMES MENTIONED HEREIN A DR. IN THE PSYCHOLOGY DEPARTMENT AT S.C.I. HUNTINGDON LEGALLY RESPONSIBLE FOR PRISONER'S MENTAL & PHYSICAL WELLBEING IN THIS PRISON.

12   DEFENDANT: WAKEFIELD; IS AND WAS AT ALL TIMES MENTIONED HEREIN A MAJOR AT S.C.I. HUNTINGDON LEGALLY RESPONSIBLE FOR THE WELFARE OF ALL THE PRISONERS THERE.

13   DEFENDANT: DORINA VARNER; IS AND WAS AT ALL TIMES MENTION-ED HEREIN THE CHIEF ████ GRIEVANCE OFFICER FOR THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS. SHE IS LEGALLY RESPONSIBLE FOR PROVIDING REMEDIES TO GRIEVANCE ISSUES, VIOLATIONS OF LAWS & VIOLATIONS OF DEPT. OF CORRECTIONS POLICY.

EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OR HER OFFICIAL CAPACITY, AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

## COMPLAINT

4   PLANTIFF, MARCELLUS ANTHONY JONES HEREBY COMPLAINS AGAINST DEFENDANTS CAPTIONED ABOVE:

## BACKGROUND

SOMETIME DURING THE WEEK OF JUNE 5th, 2011 AT APPROXIMATELY 14:45 HOURS, PLAINTIFF WAS IN THE CELL 1001 OF DB REAR AREA OF THE RESTRICTED HOUSING UNIT (R.H.U.). WHEN C.O. MAINELLO APPROACHED THE CELL PLAINTIFF WAS IN AND FOR NO REASON BEG-AN TO KICK & POUND WITH A WALKIE-TALKIE ON THE PLEXIGLASS COVERING THE CELL THAT PLAINTIFF WAS BEING HOUSED IN. SINCE THE DB AREA AT S.C.I. HUNTINGDON IS AN ISOLATED AREA, WHERE PRISONERS ARE TORMENTED TERRORIZED & TORTURED ROUTINELY WITHOUT ANY OVERSIGHT. THERE'S NO CAMERAS TO RECORD STAFF'S

9) ABUSED, TERRORIZATION & OTHER ATTACKS IN THIS ISOLATED PART OF S.C.I. HUNTINGDON'S R.H.U., NO MEDICAL STAFF NOR ANY AUTHORATIVE SUPERVISING STAFF MADE "ROUNDS" TO INVESTIGATE OBSTRUCT OR IN ANYWAY STOP THE SUFFERAGE THAT WAS BEING IMPOSED AGAINST PLAINTIFF AS PLAINTIFF SAT IN THIS CELL AND IGNORED MAINELLO'S RANTING RAVING TERRORIZATION TACTIC AS JUST ANOTHER EXAMPLE OF THE ANGUISH THAT R.H.U. STAFF INFLICTS AGAINST PRISONERS. MAINELLO SUDDENLY STOPPED BANGING & KICKING THE CELL AND THREATENING PLAINTIFF'S LIFE, MAINELLO THEN USED THE PHONE IN FRONT OF DB 1001 CELL. AS PLAINTIFF WATCHED MAINELLO USE THE PHONE FOR APPROXIMATELY 5-10 MINUTES AFTER HE HUNG UP MAINELLO POINTED TO PLAINTIFF & STATED " YOU BETTER GET READY " AT THIS POINT PLAINTIFF STOOD FROM HIS BUNK & IN ANTICIPATION OF WHAT WAS COMING HE STOOD AT THE BACK OF THE CELL TO DEFEND HIMSELF AS BEST HE COULD AGAINST WHATEVER KIND OF ATTACK THESE GESTAPO K K K REGIME HAD IN MIND THIS TIME. WITH MOUNTING ANXIETY THE EXTREME PSYCHOLOGICAL TRAUMA KEPT BUILDING AS THE IMMINENT DANGER REMAINED UNABATED. AS PRESSURE FROM THE UNKNOWN THREAT WREAKED UNIMAGINABLE HAVOC ON PLAINTIFF'S STATE OF MIND ONCE PLAINTIFF CAME TO THE CONCLUSION THAT HE WOULD BE DRENCHED YET AGAIN IN PEPPER "O.C." SPRAY THE REALIZATION THAT IN ADDITION TO THE WEATHER. THE O.C. ATTACK WOULD MEAN A DESPERATE FIGHT FOR HIS LIFE SO PLAINTIFF BECAME INSTANTLY PANIC STRICKENED AT THE THOUGHT OF DYING. AS PLAINTIFF AWAITED CERTAIN DEATH, LT "TAYLOR" C.O. "CAMPBELL" & C.O. MC CLOSKEY ARRIVED IN THE DB AREA, TAYLOR STATED UPON HIS ARRIVAL AT DB 1001 CELL " YOU MONKEY/BLACK NIGGER SON OF A BITCH DEATH WOULD BE TO GOOD FOR YOU I WISH I COULD CHOKE THE LIFE OUT OF YOU WITH MY BEAR HANDS " TAYLOR MADE THIS STATEMENT AS CAMPBELL & MC CLOSKEY PLACED AN ABUNDANCE OF PACKING TAPE AROUND THE ENTIRE DOOR OF DB 1001 CELL WHERE PLAINTIFF WAS BEING HOUSED. PLAINTIFF SUFFERED EXCRUCIATING AGONIZING PAIN AS HE FELT HIS LUNGS BURN IN A EFFORTLESS STRUGGLE TO GAIN WHATEVER AIR THEY COULD, THESE HORRIFIC CONDITIONS WENT FOR WHAT SEEMED LIKE AN ETERNITY TO PLAINTIFF. PLAINTIFF THEN IN A GASPING BREATHLESS STATE TRIED LAYING ON THE FLOOR IN A ATTEMPT TO GET ANY AIR THAT HE COULD, THIS WENT ON UNTIL THE NEXT SHIFT (10 PM - 6 AM) BROUGHT A NURSE TO ISSUE PLAINTIFF'S MEDICATION. SEE: EXHIBIT AA INITIAL GRIEVANCE 370986 & RELATED
DOCUMENTS
5    EXHIBIT AB MEDICAL REPORTS

5

UPON INFORMATION AND BELIEF

6 PLAINTIFF BELIEVES THAT DUE TO PAST HOSTILITIES AND ACTS OF RETALIATION COMMITTED AGAINST HIM, A TRANSFER WAS MORE THAN APPROPRIATE TO PREVENT THIS INCIDENT. AND SUBSEQUENT INCIDENTS FROM HAPPENING. DUE TO PREVIOUS ATTACKS AGAINST PLAINTIFF A MALICIOUS MIND STATE WAS ALREADY PROMINENTLY ESTABLISHED REGARDING PLAINTIFFS SAFTEY SECURITY & WELL BEING. NO EFFORT WAS MADE, AFTER PLAINTIFF MADE NUMEROUS REPORTS, TO STOP, DISCIPLINE, OR OTHERWISE HINDER ABUSIVE STAFF FROM TERRORIZING PLAINTIFF. THIS DELIBERATE INDIFFERENCE NEGLIGENT UNPROFESSIONAL CRIMINAL CONDUCT ENCOURAGED SUBSTANTIALLY THE VIOLENT PHYSICAL TORTURE PLAINTIFF SUFFERED. PLAINTIFF BELIEVES WHEN A CONFLICT OF INTEREST ARISES BETWEEN PRISONERS & DEPT OF CORRECTIONS EMPLOYEES A SEPARATIONAL TRANSFER IS NEED TO STOP ALL FURTHER CONFLICT FROM OCCURRING. THE PRISONS STAFF OFFICIALS SHOWED DELIBERATE INDIFFERENCE BY NOT ACTING IN PLAINTIFFS BEST INTEREST AND HAVING HIM TRANSFERRED WHEN PLAINTIFF FIRST REPORTED PRISON STAFF ATTACKS.

## EXHAUSTION OF LEGAL REMEDIES

7 PLAINTIFF MARCELLUS A JONES USED THE PRISONS' GRIEVANCE PROCEDURE AT S.C.I. HUNTINGDON IN A GOOD FAITH EFFORT TO SOLVE HIS PROBLEM. ON JUNE 28TH 2011, MARCELLUS JONES PRESENTED THE FACTS RELATING TO THIS COMPLAINT TO THE PRISONS' GRIEVANCE COORDINATOR IN ACCORDANCE WITH DEPARTMENT OF CORRECTIONS POLICY. ON JULY 20TH 2011, A REPLY TO THE INITIAL GRIEVANCE NOTIFIED PLAINTIFF, THAT HIS INITIAL GRIEVANCE WAS DENIED AND THAT THE INVESTIGATING OFFICER BELIEVED THE LIES HE WAS TOLD. BY THE CULPRITS WHO COMMITTED THE CRIME PLAINTIFF THEN FILED AN APPEAL TO THE INITIAL RESPONSE, DATED JULY 2T 2011 TO PRISON WARDEN TABB "BICKELL, BICKELL SENT PLAINTIFF A RESPONSE TO THIS APPEAL DATED AUGUST 8TH 2011 IN WHICH BICKELL UPHELD THE INITIAL FINDINGS OF THE PERSON ASSIGNED TO INVESTIGATE THIS MATTER. SO PLAINTIFF FILED AN APPEAL TO CHIEF GRIEVANCE OFFICER DORINA "VARNER" AT D.O.C. HEADQUARTERS CAMP HILL ON SEPTEMBER 8TH 2011. IN HER REPLY DATED OCTOBER 13TH 2011 VARNER DENIED PLAINTIFFS GRIEVANCE APPEAL FOR BEING UNTIMELY EVEN THOUGH THE EVIDENCE PRESENTED TO VARNER SHOWED OVERWHELMINGLY THAT PLAINTIFF WAS BEING SABOTAGED BY S.C.I. HUNTINGDONS R.H.U & OFFICIAL STAFF IN THEIR EFFORT TO STOP HIM FROM EXERCISING HIS CONSTITUTIONAL RIGHT. SEE EXHIBIT "B" GRIEVANCE 380986 EXHIBIT "A" LETTERS TO SCAN APPEAL TO FINAL REVIEW

PLAINTIFF THEN SOUGHT RELIEF THRU NUMEROUS GOVERNMENTAL AGENCIES
INCLUDING BUT NOT LIMITED TO SECRETARY OF THE DEPT. OF CORRECTIONS JOHN
WETZEL. TO NOTIFY HIM OF THE TERRORISM PHYSICAL ASSAULTS EXCESSIVE
FORCE SABOTEGE & INTIMIDATION BEING USED AGAINST PLAINTIFF TO THWART
ANY EXERCISE OF HIS RIGHTS. SEE EXHIBIT CC VARIOUS LETTERS

## LEGAL CLAIMS

DEFENDANTS TAYLOR MAINELLO CAMPBELL & McCLOSKEY USED EXCESSIVE
FORCE VIOLATING PLAINTIFFS RIGHTS AND CONSTITUTED CRUEL & UNUSUAL
PUNISHMENT UNDER THE 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

D THE ACTIONS OF DEFENDANTS VIOLATED PLAINTIFFS 8TH AMENDMENT RIGHT TO BE FREE
FROM CRUEL AND UNUSUAL PUNISHMENT "ACT" OR OMISSION WITH DELIBERATE
INDIFFERENCE THUS CONSTITUTED UNNECESSARY AND "WANTON INFLICTION
OF PAIN" WHEN DEFENDANTS FOR "NO-REASON" BY WAY OF PROFESSIONALI-
SM OFFICIAL CAPACITY OR INTELLIGENCE DECIDED TO ENGAGE IN SUCH
RENEGADE CONDUCT NOR WAS APPLIED IN A GOOD FAITH EFFORT BUT INSTEAD
WAS USED MALICIOUSLY AND SADISTICALLY TO DEGRADE THE CELL PLAINTIFF
WAS BEING HOUSED INTO A LEVEL FAR BELOW WHAT HAS BEEN ESTABLISHED
AS ADEQUATE ACCEPTABLE & HUMANILY FIT TO LIVE IN. THE VICIOUSLY ATROCIOU
-S BRUTALITY DONE TO PLAINTIFF WAS TO END PLAINTIFFS' LIFE.

## EMOTIONAL AND MENTAL INJURY

21  PLAINTIFF MARCELLUS JONES, HAS AS A RESULT OF THIS MURDER ATTEMPT
BECAME STRICKEN BY PANIC ATTACKS AND FALLS VICTIM TO SUCH WITH OUT
WARNING. THIS NEW PSYCHOLOGICAL CONDITION HAS GONE UNDIAGNOSED
BY DEFENDANTS RICHARD GOSS & VIVIAN LANE, THE UNMERCIFUL
HINDRANCE OF LIFES MAIN ESSENTIAL, HAS CAUSED PLAINTIFF TO SUFFER
FROM EXTREME PARANOIA. WHICH WILL HAVE A LASTING EFFECT & INEVITABLY
RUIN MANY FUTURE JOB OPPORTUNITIES. AS WELL AS FUTURE RELATIONSHIPS.
SEE EXHIBIT DD PROGRAM REVIEW COMMITTEES NOTATION

## BACK GROUND

22  PLAINTIFFS PAST ALTERCATIONS WITH DEFENDANT "TAYLOR" ALONG WITH OTHER
INCIDENTS WHERE PLAINTIFF STOOD WITH DIFFERENT PRISONERS TO PROTEST
S.C.I. HUNTINGDON STAFFS CRIMINAL CONDUCT PLAINTIFFS PREVIOUS OBJECT-
IONS TO ABUSIVENESS

CAUSED HIM TO BE SUBJECTED A TERRORISTIC TORMENTING ATMOSPHERE OF TORTURE, THAT WAS AUTHORIZED AND UNANIMOUSLY APPROVED BY SECURITY ADMINISTRATION & OTHER HIGHER RANKING OFFICIAL STAFF. THE RESULTING "CAMPAIGN OF TERROR" WAS DONE ALMOST RELENTLESSLY THE GESTAPO REGIME & TACTICS IMPLEMENTED AGAINST PLAINTIFF. IMPEDED ANY EFFORT THAT PLAINT-IFF MADE TO RESOLVE MATTERS IN ACCORDANCE WITH D.O.C. POLICY, PLAINTIFF RECEIVED NUMEROUS FALSE MISCONDUCTS HAD ALOT OF HIS PERSONAL & LEGAL PROPERTY STOLEN OR OTHERWISE DESTROYED. PLAINTIFFS MAIL HAS BEEN TAMPERED WITH HIS LEGAL ~~DESTROYED~~ DOCUMENTS DESTROYED WHEN HE ATTEMPTED TO HAVE THEM COPIED, AND DUE TO THESE TACTICS PLAINTIFF GENERALLY SUFFERED PSYCHOLOGICAL TORTURE & TERROR. DEFENDANTS WERE SO INTENT ON RETAL-IATION THAT THEY OBSTRUCTED PLAINTIFFS DUE PROCESS RIGHTS REPEATEDLY CAUSING PLAINTIFF TO SUBSEQUENTLY SUFFER ATYPICAL AND SIGNIFICANT HARDSHIP.

DEFENDANTS JAMES BARNACLE, DORINA VARNER, LT TAYLOR, MAJ WAKEFIELD, DR. RICHARD GOSS, DR VIVIAN LANE, WARDEN TABB BICKELL & JOHN WETZEL ARE BY SOME POLICY OR ANOTHER ACTING WITH DELIBERATE INDIFFERENCE BY FAILING TO INSURE PROPER INVESTIGATION DOCUMENTATION AND DISPOSITION OF PRISONERS GRIEVANCES AGAINST STAFF, AND FAILING TO COMPILE ACCU-RATE SYSTEMATIC DATA OF GRIEVANCES FILED BY PRISONERS, WHICH PATTERNS, ABUSE AND ILLEGAL CONDUCT BY STAFF WITH THE INTENTION AND DESIGN TO OPPRESS SUPPRESS AND MISREPRESENT THE REALITY OF SYSTEMIC VIOLATIONS

UNDER DEFENDANT WETZEL, WARDEN BICKELL, MAJ WAKEFIELD AND LT TAYLOR HAS APPROVAL AND UNWRITTEN POLICY OR PRACTICE BEING IMPLEMENTED IN S.C.I. HUNTINGDON IS TO TARGET SPECIFIC PRISONERS THAT OPPOSE UNJUST MISTREA-TMENT OF ANY PRISONERS, BY NOT SEPARATING THESE PRISONERS NOR PUTTING IN SEPARATIONS DELIBERATLY SUBJECTING SAID PRISONERS TO RETALIATIONS OF ALL TYPES WHILE SECURITY DEPT. STAFF COERCE MAILROOM SUPERVISORS TO SCRUTINIZE AND TURN OVER TO THEM ALL PERSONAL & LEGAL MAIL WHICH LATER SETS THE PRISONER (ie PLAINTIFF) UP FOR RETALIATION, "INTRUSIVE READING" UNLAWFUL OPENING OF LEGAL MAIL, LOST OF VALUABLE PHOTOGRAPHS AND DEST-RUCTION OF PERSONAL/LEGAL MAIL, WITH OUT DOCUMENTING THE ACTIONS TAKEN IN ACCORDANCE WITH D.O.C POLICY AND WITH THE COMMON SCHEME TO DISCOURAGE PRISONERS FROM REPORTING SUCH ABUSES.



25 DEFENDANTS JOHN WETZEL, JAMES BARNACLE, TABB BICKELL, MAJ. WAKEFIELD, LT TAYLOR, ALL HAD THE RESPONSIBILITY AND AUTHORITY TO ESTABLISH AND/OR CORRECT POLICIES FOR S.C.I. HUNTINGDON-RESPECTIVELY, AND THEIR ACTIONS AND OMISSIONS, WERE THE ACTIONS AND OMISSION OF THEIR RESPECTIVE PRISON. ALL DEFENDANTS IDENTIFIED WERE DELIBERATELY INDIFFERENT IN THE TRAINING OF PRISON PERSONNEL, IN REGARDS TO THE APPROPRIATE LAWFUL CONSTITUTIONAL POLICIES, PROCEDURES AND PROTOCOLS, INTER ALIA, FOR THE IDENTIFICATION SEGREGATION AND CLASSIFICATION. IN ACCORDANCE WITH POLICY 11.2.1 "PRISONER RECEPTION & CLASSIFICATION" SECTION 8, TRANSFER PETITION SYSTEM THESE SAID DEFENDANTS TRAINING PROGRAM EVIDENCED A RECKLESS, CALLOUS, DELIBERATE INDIFFERENCE. TO THE FEDERALLY PROTECTED RIGHTS OF PLAINTIFFS' LIBERTY INTEREST WHICH ENTITLED HIM TO BE FREE FROM CONSTANT THREATS INTIMIDATION PHYSICAL ABUSE AND RETALIATION PERPETRATED BY PRISON OFFICIALS. THE DEFENDANTS REPEATEDLY VIOLATED PLAINTIFF'S 8TH AMENDMENT RIGHTS BY ACQUIESING OR OTHERWISE ENCOURAGING THE EXCESSIVE CRUELTIES INFLICTED AGAINST PLAINTIFF BY SUBJECTING HIM TO INHUMANE CONDITIONS OF CONFINEMENT

B PLAINTIFF AVERS THAT "A SPECIAL RELATIONSHIP" EXISTS BETWEEN D.O.C. HEAD JOHN WETZEL, WARDEN TABB BICKELL, MAJOR WAKEFIELD, JAMES BARNACLE, DORINA VARNER & LT TAYLOR THE OFFICIALS WERE CHARGED WITH A DUTY ENSURING THAT PRISON ENVIRONMENT WAS SAFE FOR PRISONERS (I.E. PLAINTIFF).

1 THESE DEFENDANTS ARE LIABLE FOR THE UNCONSTITUTIONAL ACTS OF THE DEFENDANT CORRECTIONAL OFFICERS "C.O.'S" (OF THEIR RESPECTIVE PRISON) INVOLVED IN THE EVENTS COMPLAINED OF, DUE TO THEIR PROMULGATION AND ENFORCEMENT OF THE RULES REGULATIONS POLICIES PRACTICES CUSTOMS OR USAGES WHICH WERE IN EFFECT PRIOR TO AND AT THE TIME OF THE EVENTS IN QUESTION:

A. IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF THE PRISON POPULATION INCLUDING PLAINTIFF THESE DEFENDANTS FAILED TO ADEQUATELY TRAIN CORRECTIONAL OFFICERS THESE DEFENDANTS POSSESSED CERTAIN POWER AND WAS CLOAKED IN CERTAIN AUTHORITY

AND THAT THE DEFENDANTS WERE CHARGED WITH THE DUTY OF INSURING THAT THE PRISON ENVIROMENT WAS A SAFE ONE FOR PLAINTIFF

29   B. IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF THE OFFICAL PRACTICE, AND CUSTOM OF FAILING TO TAKE APPROPRIATE ACTION WITH RESPECT TO C.O.S WHO POSED A THREAT TO HEALTH, SAFETY AND WELFARE OF PLAINTIFF

30   C. IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF ACTING UNDER COLOR OF STATE LAW, AND DEPRIVING PLAINTIFF OF HIS RIGHTS, PRIVILEGES AND IMMUNITIES AS SECURED BY THE CONSTITUTION.

31   D. IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF FAILING TO REMEDY THE SITUATION THAT CURRENTLY EXISTS AT S.C.I. HUNTINGDON ACCORDING TO FREQUENT ALLEGATIONS OF ABUSE AND RETALIATION AND OR RECKLESSLY FAILING TO DISCOVER C.O.'S USE OF EXTREME MEASURES INCLUDING BUT NOT LIMITED TO RACISM AND GROSS PHYSICAL AND EXCESSIVE USE OF FORCE ON PLAINTIFF

32   E. IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF DEFENDANTS FAILURE TO PROPERLY INVESTIGATE PLAINTIFS REPORTS OF ABUSE AND RETALIATION AND PERMITTED DEFENDANTS AND OTHER GUARDS TO REMAIN IN THE PRESENTS OF PLAINTIFF AND TO ADMINISTER EXTRACURRICULAR ACTIVITIES AGAINST PLAINTIFF DESPITE THE FORE KNOWLEDGE THAT DEFENDANTS AND OTHER GUARDS PRESENTED AN UNYIELDING DANGER TO PLAINTIFF

33   F. IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF THE PRISON POPULATION (i.e. PLAINTIFF) THESE DEFENDANTS FAILED TO TRAIN AND EDUCATE THEIR PERSONNEL BY ALLOWING THEIR PERSONNEL TO ENGAGE IN CONDUCT THAT VIOLATES THE CONSTITUTION RIGHTS OF PRISONERS IN THEIR CUSTODY WITHOUT FEAR REPRIMAND DISCIPLINE OR TERMINATION THUS CREATING AN ATMOSPHERE WHERE SUCH UNCONSTITUTIONAL BEHAVIOR IS RATIFIED TOLERATED AND OR CONDONED

34 G  IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF PLAINTIFF'S SERIOUS MEDICAL NEEDS THESE DEFENDANTS ACQUIESCED TO THE CONTINUED EXISTENCE OF PRISON CONDITIONS WHICH THEMSELVES WERE HOSTILE AND SO INJURIOUS TO PLAINTIFF THAT THEY AMOUNT TO A CONSTITUTIONAL VIOLATION

35 H  IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF THE PRISON INSTITUTION THESE DEFENDANTS FAILED TO ENFORCE THEIR POLICY REQUIRING THE SEPARATION AND/OR REMOVAL OF PLAINTIFF FROM THE PRISON OR R.H.U. WHERE THERE IS A CONFLICT OF INTEREST BETWEEN SUCH INDIVIDUALS TO ENSURE THE SAFE AND ORDERLY OPERATION OF THE PRISON AND R.H.U.

36 I  IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF THE PRISON POPULATION (INSTITUTION) THESE DEFENDANTS WILLINGLY CONSPIRED TO IMPEDE PLAINTIFF'S EFFORT TO SEEK REMEDIES BY SABOTAGING PLAINTIFF'S GRIEVANCES AGAINST STAFF AND USING SAID SYSTEM TO CONCEAL OFFICIAL ABUSES AND VIOLATIONS ENCOURAGING FURTHER MISCONDUCTS

37 J  IN DELIBERATE INDIFFERENCE TO AND IN RECKLESS DISREGARD OF THE PRISON POPULATION INCLUDING PLAINTIFF THESE DEFENDANTS FAILED TO ENFORCE ANY EXISTING POLICIES OR PROCEDURES WHICH WOULD HAVE CORRECTED OR MINIMIZED THE AFOREMENTIONED PROBLEMS

38  WHEREFORE PLAINTIFF AVERS THAT DEFENDANTS IN THIS ABOVE PARAGRAPH FAILED TO TRAIN THEIR EMPLOYEES AND THRU OFFICIAL ACQUIESCENCE CONDONED THE PERSISTENT TERRORISTIC, TORTUROUS, ABUSIVE BEHAVIOR OF THEIR SUBORDINATES WHICH RESULTED AND AMOUNTED TO A POLICY OF DELIBERATE INDIFFERENCE TO PLAINTIFF'S 8TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS AGAINST CRUEL & UNUSUAL PUNISHMENT, SERIOUS MEDICAL NEEDS UNNECESSARY WANTON INFLICTION OF PAIN AND RECKLESS AND CALLOUS GROSS NEGLIGENCE

39  THE PLAINTIFF HAS NO PLAIN ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPAIRABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THE COURTS GRANT THE DECLARATORY AND INJUCTIVE RELIEF WHICH PLAINTIFF SEEKS.

10   WHEREFORE PLAINTIFF RESPECTFULLY AND SO PRAYS THAT THE COURT ENTER
JUDGEMENT GRANTING PLAINTIFF'S:

#1   A DECLARATION THAT THE ACTS AND OMISSION DESCRIBED HEREIN
VIOLATED PLAINTIFFS RITES UNDER THE CONSTITUTION AND LAWS OF THE UNITED
STATES

2   A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS:
JOHN WETZEL, TABB BICKELL, MAJOR WAKEFIELD, JAMES BARNACLE, LT TAYLOR,
DORINA VARNER TO TRANSFER PLAINTIFF TAKE PLAINTIFF OUT OF THE
CIRCLE OF RETALIATION FROM S.C.I.-HUNTINGDON OFFICIALS TO BASICALLY
REMOVE PLAINTIFF FROM DELIBERATE, INDIFFERENCE PHYSICAL ABUSE
RACIAL SLURS TAMPERING WITH AND/OR DEPRIVATION OF FOOD NEGLIGENCE
OF SERIOUS MEDICAL NEEDS TAMPERING WITH INCOMING OUTGOING MAIL
AND FABRICATED MISCONDUCTS AS A MEANS TO JUSTIFY PLAINTIFFS
LONG STAY AT S.C.I.-HUNTINGDON WITH THE EXPRESS PURPOSE TO TEACH
PLAINTIFF A LESSON

#3   COMPENSATORY DAMAGES IN THE AMOUNT OF $900,000.00
AGAINST DEFENDANT JOINTLY AND SEVERALLY

#4   PUNTIVE DAMAGES IN THE AMOUNT OF $1,000 AGAINST EACH
DEFENDANT

#5   A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

#6   PLAINTIFFS COST IN THIS SUIT

#7   ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST PROPER AND
EQUITABLE

#8   DATED: 3-28-2012
RESPECTFULLY SUBMITTED
MARCELLUS ANTHONY JONES
P.I.D.# E34795
S.C.I.@ HUNTINGDON
1100 PIKE STREET
HUNTINGDON PA 16654

FILED
SCRANTON

APR 24 2012

PER _____
DEPUTY CLERK

49

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED UPON INFORMATION AND BELIEF, AND AS TO THOSE I BELIEVE THEM TO BE TRUE I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

50

EXECUTED AT: HUNTINGDON COUNTY PENNSYLVANIA ON THIS THE 28TH DAY OF MARCH 2012
ANTHONY JONES

EXHIBIT AA

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P. O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

370986

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| CONNIE GREEN | SCI H | 6/28/11 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| ANTHONY JONES | ANTHONY JONES |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| | GC 1015 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8 ½" x 11" page). **State all relief that you are seeking.**

IN EITHER 6-9,10,11-11 LT TAYLOR COMMITTED A GRUESOME ACT WHICH ULTIMATELY AMOUNTS TO NOTHING LESS THAN ATTEMPTED HOMICIDE ON ONE OF THOSE DATES MENTIONED ABOVE TAYLOR HAD MY CELL IN THE D/B/D REAR AREA SEALED ENTIRELY WITH PACKING TAPE (MANY LAYERS) EVEN THOUGH HE KNEW THAT I'S CHRONIC & SEVERELY ASTHMATIC & THIS ACT WHICH CLEARLY VIOLATES MY 8TH AMEND- MENT RIGHT TO BE PROTECTED FROM CRUEL & UNUSUAL PUNISHMENT IMMEDIATELY AGGRAVATED MY ASTHMA DUE TO HAVE AN EXTREMELY HARD TIME BREATHING DUE TO THE LOSS OF AIR CIRCULATION THAT THE MANY LAYERS OF PACKING TAPE CAUSED AS A RESULT THERE HAVE BEEN SO MANY INSTANCES OF ME ASKING FOR MY ASTHMA MEDS THAT HAVE BEEN CONSTANTLY IGNORED THAT I CANNOT GRIEVE THEM ALL INDIVIDUALLY & BECAUSE OF THESE NUMEROUS DENIALS BY STAFF TO I'SUE MY MEDS I HAVE BEEN DETERRED FROM EVEN TRYING TO GET MY ASTHMA MEDS FROM THE STAFF I.E. N.E. CO's, NURSE MEGAN & OTHER MEDICAL PERSONNEL I WOULD LIKE $ 50,000,000.00 FOR PAIN & SUFFERING INFLICTED ON BY THIS VIOLATION OF 8TH AMENDMENT ON THE 10-B SHIFT ON ONE OF THE ABOVE DATES MENTIONED CK ERICKSON HAS VIDEO FOOTAGE OF ME AT D/B 1001 WHILE IT WAS TOTALLY COVERED IN TAPE I'M SUBMITTING THIS NOW CAUSE I JUST GOT (* TORTURE CELL) MY PROPERTY BACK & I WAS JUST GIVEN A GRIEVANCE BY CO'S

**B.** List actions taken and staff you have contacted, before submitting this grievance.

ASKED SUPERINTENDENT TO HELP MY SITUATION OR WHAT IS HE GOING TO DO ABOUT ME (TABB BICKELL) BEING HOUSED IN A TORTURE CELL & HE DID NOTHING THIS GRIEVA- NCE IS NOT APPROPRIATE TO BE REVIEWED BY OR INVESTIGATED BY AS HE IS THE ONE RES- PONSIBLE

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator
Connie Green

_____
Date
6/29/11

**WHITE** - Facility Grievance Coordinator Copy   **CANARY** - File Copy   **PINK** - Action Return Copy   **GOLDENROD** - Inmate Copy
Revised
April 2005





# INITIAL REVIEW RESPONSE
SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | JONES, Anthony | Inmate Number: | EB4795 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GB1001 |
| Grievance #: | #370986 | Grievance Date: | 6/28/11 |

| Publication (if applicable): | |
|---|---|

| Decision: | ☐ Uphold Inmate<br>☒ Grievance Denied |
|---|---|

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | Frivolous | X |
|---|---|---|---|

I have reviewed your complaint and spoke with Lt. Taylor. Lt. Taylor stated your behavior by attempting to spit on staff was a direct result of him taping of the cracks around your door. At no time was your life in jeopardy. Your medication was not delivered since you failed to follow orders and kept attempting to assault staff. If you would not have attempted to assault staff and put them in danger, staff could have followed normal routine. However, your acting prevented this. I found no merit to your complaint and your request for any monetary compensation is denied. I found this as a frivolous grievance since your complaint was a result of your actions attempting to assault staff.

| Signature: | K Watkins cot |
|---|---|
| Title: | COIV |
| Date: | 7/20/11 |

cc: Superintendent
DC-15
File

I RECEIVED AN INITIAL RESPONSE TO THE GRIEVANCE & MENTIONED ABOVE & LIKE I SAID WALTERS C.D.I. IS BLATANTLY PREJUDICE AGAINST PRISONERS FOR HIM TO TRY TO RATIONALIZE AN ATTEMPTED MURDER BY LT TAYLOR IS DESPICABLE. THERE IS NUMEROUS WAYS THAT THE SITUATION COULD'VE BEEN HANDLED WITH IN THE RULES & REGULATIONS (A PROTECTIVE PANEL ETC) TAYLOR'S ACTIONS WERE ABOVE & BEYOND CRUEL & UNUSUAL PUNISHMENT & HE NEEDS TO BE BROUGHT TO JUSTICE ALONG WITH HIS CRIME PARTNERS HERE IN HUNTINGDON I WILL NOT REST UNTIL SOMETHING IS DONE BECAUSE THESE ABUSIVE TERRORISTIC TORTURE TACTICS HAVE TO STOP THESE CONCERTED EFFORTS TO INSTILL FEAR IN THE PRISON IS UNCALLED FOR & BASED UPON BELIEF THESE MEASURES ARE NOT A PART OF D.O.C. RULES REGULATIONS OR POLICY SO TAYLOR'S ACTIONS SHOULD NOT BE CONDONED OR TOLERATED

## PRISONER APPEAL TO FINAL REVIEW 370986

I RECEIVED A RESPONSE IN THE MAIL 8-7-11 GRANTING MY REQUEST FOR EXTENSIONS ON THIS & MANY OTHER GRIEVANCES. IN FACIL. MANG. TABB BICKELLS RESPONSE TO MY APPEAL HE STATES THAT STAFF DID NOTHING WRONG EVEN THOUGH TAYLOR'S ATTEMPT ON MY LIFE BY BLOCKING MY AIR CIRCULATION WAS NOT D.O.C POLICY & OUTSIDE OF ALL PROCEDURES & PROTOCOLS THIS & OTHER DELIBERATE MURDER ATTEMPTS ARE BEING COMMITTED AGAINST ME IN THIS PRISON & ITS ALL BEING DONE WITH MR. BICKELL'S AUTHORIZATION HUNTINGDON LIKE ANY OTHER S.C.I. HAS A MOBILE PARTITION "AKA SPIT SHIELD" WHICH IS USED TO PREVENT THESE SO-CALLED ASSAULTS THAT BICKELL & TAYLOR CLAIM I WAS ATTEMPTING THE PLACING OF MULTIPLE LAYERS OF PACKING TAPE OVER MY DOOR BY TAYLOR WAS A MALICIOUS WILLFUL INTENTIONAL ATTEMPT TO END MY LIFE UNDER THE GUISE OF STOPPING ME FROM ASSAULTING STAFF THRU HIS GESTAPO REGIME MR. BICKELL HAS ALLOWED THE STAFF HERE TO CONSTANTLY TORMENT HARASS & TERRORIZE ME SPECIFICALLY & OTHER PRISONERS WHILE BEING HOUSED IN THE D-REAR SECTION OF THE RHU (WHERE NO CAMERAS ARE PRESENT) WHERE THIS INCIDENT HAPPENED C.O.'S CONTINUOUSLY KICKED, BANGED (WITH FIST & WALKIE-TALKIES) ON THE PLEXI GLASS COVERING THE CELL & THREATENED ME USING RACIAL SLURS THERE WAS NO ONE TO WITNESS THIS & NO CAMERAS TO RECORD THESE & OTHER NEFARIOUS ACTS

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Anthony Jones | Inmate Number: | EB4795 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GB-Unit |
| Grievance #: | 370986 | | |
| Publication (if applicable): | | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | *Frivolous* | |
|---|---|---|---|

In reviewing your grievance and appeal, I note that your concern with Lt. Taylor was appropriately addressed by Capt. Walters.  In your appeal, you claim that Capt. Walters is attempting to rationalize attempted murder and Lt. Taylor's actions were cruel and unusual.  Capt. Walters spoke with Lt. Taylor and found that Lt. Taylor did tape around the Plexiglas on your cell door.  This was done as a result of your attempts to assault staff by spitting on them.  Your own behavior made this action necessary.  I find that staff did nothing wrong and your request for $50,000 is denied.

In closing, I can only reiterate that I concur with the response provided by the grievance officer.  Your grievance is found to be without merit.

| Signature: | Tabb Bickell | | |
|---|---|---|---|
| Title: | Facility Manager | | |
| Date: | 8-10-11 | | |

cc:    DC-15
       File

EXHIBIT A-4

**FINAL APPEAL DECISION**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
P.O. Box 598, 2520 Lisburn Road
Camp Hill, PA 17001-0598

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Anthony Jones | Inmate Number: | EB4795 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Graterford |

| Grievance #: | 364132, 374871, (370986), 369865, 365101, 366051, (369861) 364131, 363129, 373597 |
|---|---|

| Decision: | | Dismiss |
|---|---|---|
| | | 1) Your grievance was properly rejected at the facility level for the reason(s) outlined below. |
| | X | 2) Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. |

| Rationale: | |
|---|---|
| | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | a) DC-ADM 801, "Inmate Discipline"/Misconduct Procedures |
| | b) DC-ADM 802, "Administrative Custody Procedures |
| | 2. Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 3. Group grievances are prohibited. |
| | 4. The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | 5. Grievance or appeal was not legible, understandable, or was not presented in a courteous manner. |
| | 6. Grievance or appeal exceeded two pages (was too lengthy). |
| | 7. Grievances based upon different events must be presented separately. |
| X | 8. Grievance or appeal was not submitted timely. |
| | 9. You are currently on grievance restriction and have already filed your allowable grievance. The last accepted grievance was #____ submitted on |
| | 10. Grievance or appeal must be reviewed through the facility at which the concern initiated. |
| | 11. The issue presented in your grievance has been reviewed and addressed in a previous grievance. Prior grievance # |
| | 12. The publication appeal did not include a copy of the IPRC denial form. |
| | 13. You have not provided this Office with required documentation for proper review. |
| | 14. You failed to appeal to the Facility Manager, although you were reminded to do so. |
| | 15. An appeal to final review is not permitted when you fail to comply with submission procedures. |
| | 16. Grievance is related to current litigation and will not be addressed in this forum. |

| Response: | |
|---|---|

| Signature: | Dorina Varner/_Dorina Varner_ |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 10/13/2011 |

DLV/KLM
cc:    DC-15/Superintendent Wenerowicz
       Superintendent Bickell
       Grievance Office

TO: MR. MARK KAPPELHOFF                    6-24-11
IN CARE OF: SHIRA GORDON

DEAR MR. KAPPELHOFF

HI. HOW'RE YOU? I PRAY THIS LETTER FINDS YOU IN THE BEST OF CONDITIONS. AS FOR ME, I'VE BEEN VIOLATED IN SO MANY WAYS IT BOGGLES THE MIND THAT I STILL REMAIN SOMEWHAT SANE. FIRST, I'D LIKE TO ADDRESS THE PRESSING ISSUES, I AM & HAS OF RECENT EVENTS UNDER CONSTANT MENTAL, PHYSICAL, EMOTIONAL ASSAULT. THE STAFF HERE AT HUNTINGDON'S STATE PRISON HAVE BEEN ON AN UNRELENTING TERRORISTIC/ TORTURE CAMPAIGN AGAINST ME & NUMEROUS OTHER PRISONERS HERE. THE PERPETRATORS OF THESE ACTS ARE MANY & THE OCCURENCES ARE MADE TO APPEAR RANDOM. THE MORE I TRY TO ABIDE BY THEIR RULES & OBEY THEIR ORDERS THE MORE MALICIOUS & VICIOUS THEIR ASSAULTS BECOME. UNTIL NOTHING SATISFIES THEIR ABUSIV -ENESS (NOT EVEN BLOOD)) IT MAKES ME COME TO THE CONCLUSION THAT THE ONLY THING THAT MIGHT CAUSE A SLIGHT PAUSE IN THEIR ACTIONS, IS SOMEONE'S DEATH & I DON'T WANT TO DIE !!! I DON'T KNOW WHAT YOU CAN DO TO HELP ME IF AT ALL !ALL I TRYING TO DO IS STAY ALIVE I'VE BEEN SPRAYED WITH SO MUCH "O.C." THAT I LOST ALL CONSCIOUS NESS THEN I WAS PLACED IN AN ISOLATED AREA WHERE NO ONE KNEW WHAT WAS GOIN ON & AFTER BEING HOUSED THERE I WAS PLACED IN A TORTURE CELL WITH LITTLE AIR CIRCULATION (EVEN THOUGH ALL OF MY LIFE I'VE BEEN A SEVERELY CHRONIC ASTHMATIC) THE CELL THE CELL I WAS HOUSED IN ISNT A REGULAR CELL THAT'S USED TO HOUSE PRISONERS IT HAS THICK PLEXIGLASS THAT CUTS OFF MOST OF THE AIR CIRCULATION SO THE LITTLE AIR THAT DOES COME THRU THE CRACKS IN THE TOP & BOTTOM OF THE DOOR, IN A EXTREME ACT OF TORTURE, WHAT I CONSIDER AN OUTRIGHT MURDER ATTEMPT LT TAYLOR PLACED PACKING TAPE OVER THE ENTIRE DOOR COVERING THE TOP & BOTTOM WITH 4 OR 5 LAYERS OF PACKING TAPE WHICH IMMEDIATELY TRIGGERED MY ASTHMA. THE MEDICAL STAFF HERE SEEMS TO BELIEVE THAT "O.C." SPRAY IS THE CURE FOR ASTHMA, BECAUSE I'VE BEEN DOUSED WITH "O.C." THEY HAVE REDUCED MY ASTHMA MEDS FROM 2 INHALERS TO 1 & THAT 1 ONLY IF I PRE-ASK FOR IT. ALL THIS EVEN THOUGH I'M CONSTANTLY IN PAIN STRAIGHT ACROSS MY CHEST IT FEELS LIKE SOMETHING IS STUCK THERE AND AT ANY GIVEN TIME IT FEELS LIKE "O.C." IS BEING REGURGITATED IN MY ESOPHAGUS. THE O.C.L HAS CLEAR RULES AGAINST SPRAYING SEVERE CHRONIC ASTHAMATICS ALSO THERE ARE ALTERNATIVE WAYS & OTHER EQUIPMENT BESIDES "O.C." THAT CAN BE USED WHEN STAFF DEEMS FORCE IS NECESSARY TO ESTABLISH ORDER. THE STAFF HERE AT HUNTINGDON HAVE BEEN STRONG -G ALTERCATIONS FOR SO LONG THAT IT IS NOW INGRAINED IN THE CULTURE OF THIS INSTITUTION & BRUTALITY EXCESSIVE FORCE NATURE HERE ESTABLISH UNBRIDLED FEAR & TERROR THIS ATMOSPHERE OF CONSTANT TERROR TERROR INTIMIDATION IS THE ORDER OF THE DAY THE PREVALENT TERRORISTIC NATURE & OPPRESSION TACTICS EMPLOYED HERE. ARE USED TO CAUSE ONE TO BECOME TIMID & SIT BY IDLY WHILE THERE LIVES ARE IN JEOPAR -DY IF YOU REFUSE TO SUCCUMB THE PRESSURE BECOMES SO UNBEARABLE THAT A DAILY CONTEMPLATION OF SUICIDE'S BY OTHERWISE RATIONAL MEN IS THE NORM IT IS APPALLING AND THERE IS NO SUFFICIENT EXPLANATION FOR THE GROTESQUE ACTS COMMITTED AGAINST ME. THIS IS JUST A BRIEF SUMMARY & BY FAR NOT ALL OF THE TORTUROUS CRUELTIES INFLICTED AGAINST ME BY MANY DIFFERENT CULPRITS HERE IN THIS PRISON. IF YOU OR ANYBODY IN YOUR ORGANIZATION CAN HELP ME I WOULD REALLY LIKE TO BE PUT IN CONTACT WITH SOMEBODY THAT CAN HELP ME FILE ASSAULT CHARGES AGAINST THE STAFF HERE

                                THANKING YOU IN ADVANCE
                                RESPECTFULLY
                                ANTHONY JONES

Date 4-20-12

TO: MAGISTRATE JUDGE'S BLEWITT

REFERENCE: MAILING OF AMENDED COMPLAINT #3: CV-12-0487 IN 7 SEPERATE ENVELOPES

DEAR JUDGE BLEWITT

As A RESULT OF NOT HAVING THE FUNDS AVAILABLE TO PAY FOR POSTAGE. I AM SENDING THE ABOVE MENTIONED AMENDED COMPLAINT IN 7 SEPERATE ENVELOPES TO AVOID ANY DELAYS IN MY QUEST FOR JUSTICE. DUE TO MY BEING TEMPORARILY TRANSFERED TO S.C.I. GRATERFORD FOR COURT I JUST GOT YOUR COURT ORDER GRANTING ME AN EXTENSION TO FILE THE ABOVE MENTIONED AMENDED COMPLAINT YESTERDAY 4-19-12. AND SINCE THE MAIL WAS ALREADY COLLECTED FOR 4-19-12, AT THE VERY NEXT OPPORTUNITY I SENT THE ABOVE MENTIONED AMENDED COMPLAINT THE ONLY WAY I COULD.

RESPECTFULLY

MARCELLUS A. JONES

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TO: MARY D'ANDREA. C/O LYNDA HANNICK DEPUTY CLERK

REFERENCE: COVER LETTER AMENDED CIVIL COMPLAINT #3:CV-12-0487

DEAR MRS HANNICK
FIND ENCLOSED THE FOLLOWING DOCUMENTS

1) AMENDED CIVIL COMPLAINT #3: CV-12-0487  (12 PAGES)

2) EXHIBIT AA GRIEVANCE #370986
    A1 INITIAL REVIEW RESPONSE
    A2 GRIEVANCE APPEAL & APPEAL TO FINAL REVIEW
    A3 FACILITY MANAGER RESPONSE
    A4 CHIEF GRIEVANCE COORDINATOR'S RESPONSE

3) EXHIBIT BB LETTERS SEEKING HELP FROM OUTSIDE AGENCIES
    B1 LETTER TO STATE REPRESENTATIVE TONY PAYTON JR
    B2 LETTER TO BRET GROTE HUMAN RIGHTS COALITION (H.R.C.) FEDUP!
    B3 LETTER TO MARK HARRELHOFF DEPT. OF JUSTICE

4) EXHIBIT CC LETTERS TO DEPT. OF CORRECTIONS SEC - JOHN WETZEL
    C-1 LETTER TO JOHN WETZEL DATED 1/25/12  C-2 LETTER DATED 2/16/12; C-2A LETTER DATED 2/29/12

5) EXHIBIT DD PROGRAM REVIEW COMMITTEE NOTATION

RESPECTFULLY,

ANTHONY JONES

DATE 4/7/2012

JONES EB34795

Box 244
Graterford, PA 19426-0244

016I26520934
$00.450
04/23/2012
Mailed From 19426
US POSTAGE

Hasler

MAGISTRATE JUDGE'S BLEWITT
PA DEPARTMENT OF CORRECTIONS
UNITED STATES DISTRICT COUR INMATE MAIL
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
235 N WASHINGTON AVE
PO BOX 1148
SCRANTON P.A. 18501-1148

JONES EB4795
Box 244
Graterford, PA 19426-0244

RECEIVED
SCRANTON

APR 24 2012

MARY E. [illegible]
Per _____ [illegible]

016H4265209934
$00.450
04/23/2012
Mailed From 19426
US POSTAGE

Hasler

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

MAGISTRATE JUDGE'S BLEWITT
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
235 N WASHINGTON AVE
PO BOX 1148
SCRANTON PA 18501-1148

A JONES EB4795
Box 244
Graterford, PA 19426-0244

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

MAGISTRATE JUDGE, PA

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

235 N WASHINGTON AVE

PO BOX 1148

SCRANTON PA 18501-1148

RECEIVED
SCRANTON
APR 24 2012
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Hasler

016I:265209934
$00.450
04/23/2012
Mailed From  19426
US POSTAGE

A JONES EB4795

Box 244
Graterford, PA 19426-0244

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

Hasler

0164 26520934
$00.450
04/23/2012
Mailed From 19426
US POSTAGE

MAGISTRATE JUDGE BLEWITT
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
235 N WASHINGTON AVE
PO BOX 1148
SCRANTON P.A. 18501-1148

JONES E 134795
Box 244
Graterford, PA 19426-0244

RECEIVED
SCRANTON

APR 2 4 2012

MARY E. D'ANDREA
Per _____

PA DEPARTMENT OF CORRECTIONS
DL &LW INMATE MAIL

MAGISTRATE JUDGES DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
235 N. WASHINGTON AVE
PO BOX 1148
SCRANTON PA. 18501-1148

Hasler
016H26520934
$00.450
04/23/2012
Mailed From 19426
US POSTAGE