IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLUS A. JONES, | : | CIVIL ACTION NO. **3:12-CV-0487** |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN WETZEL, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 10, 2012, Plaintiff, Marcellus A. Jones, formerly an inmate at SCI-Camp Hill, Camp Hill, Pennsylvania, and now an inmate confined at SCI-Huntingdon, Huntingdon, Pennsylvania, filed, *pro se*, this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In his original Complaint, Plaintiff named as Defendants John Wetzel (Pennsylvania Department of Corrections Secretary), Tabb Bickell, Shirley Moore-Smeal, James Barnacle, Wakefield, Dorina Varner, Lt. Taylor, Campbell, McCloskey, Richard Gross, Vivian Lane, and CO Mainello. (*Id.*). It appears that all twelve (12) Defendants were employed by the PA Department of Corrections ("PA DOC") during the relevant times of this case, and that all Defendants, except for Wetzel, were employed at SCI-Huntingdon. (*Id.*). Plaintiff essentially claims that the Defendants terrorized him in violation of his Eighth Amendment right against cruel and unusual punishment. (*Id.*). Plaintiff also filed a Motion to proceed *in forma pauperis*. (Doc. 2).

On March 23, 2012, we screened Plaintiff's original Complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), and issued an Order directing Plaintiff to file an Amended Complaint within fifteen (15) days of the Order. (Doc. 6). The Order required

Plaintiff's Amended Complaint to be complete in all respects, and comply with the Rules of Civil Procedure, specifically Fed. R. Civ. P. 8(e)(1). (*Id.*).

On March 29, 2012, Plaintiff filed a joint Motion for Appointment of Counsel and a Motion for Extension of Time to File his Amended Complaint. (Doc. 7). On April 12, 2012, we denied Plaintiff's Motion for Appointment of Counsel and granted Plaintiff's Motion for an Extension of Time to file his Amended Complaint. (Doc. 8). On July 19, 2012, Plaintiff filed a second Motion for Appointment of Counsel (Doc. 13), which we denied on July 24, 2012. (Doc.14).

On April 24, 2012, Plaintiff timely filed his Amended Complaint (Doc.10). He named the following eleven (11) Defendants: John Wetzel (PA Dept. of Corrections Secretary); Tabb Bickell (Warden of SCI-Huntingdon); James Barnacle (Investigator for the Office of Special Investigation);Lieutenant Taylor; Corrections Officer Campbell; Corrections Officer Mainello; Corrections Officer McCloskey; Dr. Vivian Lane (Doctor in SCI-Huntingdon Psychology Department); Dr. Richard Gross (Doctor in the SCI-Huntingdon Psychology Department); Major Wakefield; and Dorina Varner (Chief Grievance Officer for PA Dept. Of Corrections).[1] (Doc. 10, p.2-3). As previously stated, it appears that all eleven (11) Defendants were employed by the PA Department of Corrections ("PA DOC") during the relevant times of this case, and that all Defendants, except for Wetzel, were employed at SCI-Huntingdon. Plaintiff is suing each Defendant individually and in his or her official capacity. (Doc. 10, p. 3).

---

[1] The Court takes judicial notice that Plaintiff has not named in his instant complaint, Shirley Moore-Smeal, a defendant previously named by Plaintiff in his original Complaint. Therefore, she has been terminated as a Defendant as reflected by the docket sheet.

Plaintiff's Amended Complaint consists of twenty (20) pages, including six (6) exhibits. (Doc.10, 1-20). The exhibits consist of Plaintiff's Inmate Grievance Documents and a letter he wrote to the Department of Justice's Civil Rights Criminal Section Chief Mark Kappelaoff. (Doc.10,p.13-18). Additionally, on May 7, 2012, Plaintiff filed with this Court a document titled "Sworn Affidavit", which consists of twenty-four (24) hand-written lines. (Doc. 12).

Plaintiff correctly states that this court has jurisdiction over his §1983 action pursuant to 28 U.S.C. §1331 and §1343(a). (Id.). Plaintiff also states that he seeks declaratory relief under 28 U.S.C. §2201 and §2202. (Id.). Further, Plaintiff states that his claims for injunctive relief are authorized under 28 U.S.C. §2283 and §2284, as well as Federal Rule of Civil Procedure 65. (Id.).

We screened Plaintiff's Amended Complaint (Doc. 10) and issued a Report and Recommendation on September 11, 2012 (Doc. 16), which the Court adopted in an Order dated October 5, 2012, stating the following:

1. The magistrate judge's report and recommendation (Doc. 16) is hereby ADOPTED;

2. Plaintiff's (1) failure to properly investigate, document and dispose of plaintiff's grievance; (2) failure to train, supervise and/ or establish or correct policies to curtail unconstitutional actions; and (3) defendants' racial slurs and threatening actions claims are DISMISSED WITH PREJUDICE.

3. Plaintiff's First Amendment right to access the courts claim is DISMISSED WITH PREJUDICE.

4. Plaintiff's Eighth Amendment excessive force and denial of medical care claims are DISMISSED WITH PREJUDICE.

5. Plaintiff's requests for relief for damages against defendants in their

3

> official capacities, a specific amount of monetary damages, an injunction and declaratory judgment are DISMISSED WITH PREJUDICE.
>
> 6. Plaintiff's First Amendment retaliation claim is DISMISSED WITHOUT PREJUDICE and plaintiff may amend his complaint with regards to that claim within fifteen (15) days from the date of this order;
>
> 7. Plaintiff's Eighth Amendment conditions of confinement claim is PERMITTED TO PROCEED against Defendants Taylor, Campbell and McCloskey; and
>
> 8. The Clerk of Court is directed to REMAND this case to Magistrate Judge Blewitt.

(Doc. 18, pp. 1-2).

On October 5, 2012, Plaintiff filed a Motion for Injunctive Relief seeking to be removed from SCI-Camp Hill. (Doc. 19). On October 31, 2012, Plaintiff withdrew his Document 19 Motion. (Doc. 23). On October 31, 2012, we issued a show cause order, directing service of Plaintiff's Amended Complaint upon the three (3) remaining Defendants, Taylor, Campbell and McCloskey, and directing them to waive service in accordance with Rule 4(d) of the Federal Rules of Civil Procedure. (Doc. 22). On November 2, 2012, Defendants returned the executed waiver of service. (Doc. 27). On December 31, 2012, Defendants filed their Answer to Plaintiff's Amended Complaint. (Doc. 28).

On January 28, 2013, Plaintiff filed a Declaration for Entry of Default. (Doc. 30). On January 30, 2013, we issued a Report and Recommendation recommending that Plaintiff's Document 30 Declaration for Entry of Default be denied. (Doc. 31). On February 5, 2013, we issued a Scheduling Order setting the Discovery deadline as March 5, 2013, and the motions

deadline as April 5, 2013. (Doc. 32). Also on February 5, 2013, Defendants filed a Motion to Depose Plaintiff and a corresponding Brief in Support (Docs. 33 and 34, respectively), which the Court granted in an Order dated February 7, 12013 (Doc. 35). On February 7, 2013, Plaintif filed a Response to Defendant's Motion to Dismiss. (Doc. 37).

On February 8, 2013, Plaintiff filed a Motion for Declaratory and Injunctive Relief and a Permanent Restraining Order. (Doc. 38). He filed his Brief in Support for his Document 38 Motion on February 15, 2013. (Doc. 40). On February 19, 2013, Defendants filed their Brief in Opposition. (Doc. 41). On February 28, 2013, the Court adopted our Document 31 Report and Recommendation, effectively denying Plaintiff's Declaration for Entry of Default. (Doc. 52). We will now address Plaintiff's ripe Document 38 Motion for Declaratory and Injunctive Relief and a Permanent Restraining Order.

## II. DISCUSSION

In his Document 38 Motion for Declaratory and Injunctive Relief and a Permanent Restraining Order and his corresponding Document 40 Brief in Support, both of which are difficult to comprehend, Plaintiff requests that the Court have documents returned to him that he plans on using as exhibits, that he be transferred from SCI-Huntingdon, and that a permanent restraining order be placed against the Pennsylvania Department of Corrections ("PA DOC") because, out of retaliation for the grievances Plaintiff has filed, he is being denied food and medication, is not receiving his mail, is having his property mishandled and is being abused, tortured and terrorized at the hands of the PA DOC. In his Document 40 Brief in Support, Plaintiff appears to be alleging the elements of a First Amendment retaliation claim stating that

Defendants retaliated against him for past grievances by either withholding or destroying his property during his transfer from SCI-Camp Hill to SCI-Huntingdon. He claims that as a result of the loss and/or damage of his property, he has suffered irreparable harm. (Doc. 40, p. 1). Plaintiff states the following in his Brief in Support:

> Plaintiff [] states that due to his lack of legal expertise and Defendants, in concert with other rebel PADOC employees, campaign of retaliation [that involves] Plaintiff having his property destroyed meets all the above standards as Defendants have no legitimate penological reason whatsoever that Plaintiff's legal [] and other property should be willfully mishandled or otherwise completely vanish. With Defendants continuing retaliatory conduct against Plaintiff in addition to the immediate and future irreparable harm done to Plaintiff[,] an (sic) preliminary injunction or temporary restraining order must be granted by this Court to prevent anymore official crimes, abuse or deterrents from being used further against Plaintiff.

(Doc. 40, p. 2).

In their Brief in Opposition to Defendant's Document 38 Motion for an Injunction, Defendants argue that "The relief Jones seeks is not clear. The Defendants construe the motion as requesting that the Court issue an order banning retaliation by officials at SCI-Huntingdon. (Doc. 41, p. 3). Defendants argue that Plaintiff's motion should be denied because the claim in the motion is unrelated to the claims in his complaint, stating, "A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those presented in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985). *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997). . . . The only Defendants remaining in this case are Taylor, Campbell, and McCloskey, and the only claim relates to an alleged Eighth Amendment violation related to the taping of the cracks in his cell in June of 2011, which allegedly causing Plaintiff breathing problems. None of the

litany of complaints in Plaintiff's motion relates to that incident, or relates to the taping of cracks in his cell door." (Doc. 41, p. 4).

Defendants also argue that Plaintiff's motion should be denied because he has failed to establish a likelihood of success on the merits. (Id.). Defendants provide the Court with the aforementioned requirements necessary for the Court to grant Plaintiff's injunction motion. (Doc. 1, p. 5). Defendants also highlight the elements the Plaintiff must prove in order to succeed on a First Amendment retaliation claim, stating the following:

> A prisoner alleging that prison officials have retaliated against him for exercising his constitutional rights must prove that: (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002).
>
> ................................................................................................
> The Plaintiff has failed to establish he is likely to succeed on the merits because he has pled no allegation in his motion that indicates a causal connection between the filing of this suit and any of the alleged harassment. The actions complained about in the motion were largely allegedly undertaken by individuals who are not Defendants in this lawsuit. . . . Because Plaintiff has failed to plead allegations which establish that any of the allegement harassment was causally connected to protected conduct, he is not likely to succeed on the merits of any potential retaliation claim and his motion should be denied.

(Doc. 41, pp. 6-7).

Plaintiff did not file a Reply Brief in response to Defendants' Document 41 Brief in Opposition to Plaintiff's Document 38 Injunction Motion.

Injunctions may issue in only exceptional and extraordinary circumstances. Parent v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972) (citing Miller v. Standard Nut Margarin Co., 284 U.S. 498 (1932)). The grant or denial of a motion for a preliminary injunction is within the

7

sound discretion of the district judge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982) (citing *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). A preliminary injunction is not granted as a matter of right. *Id.*

As Defendants recognize (Doc. 41), the moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143.

A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985). "Because the purpose of preliminary injunctive relief is to maintain the status quo or prevent irreparable injury pending the resolution of an underlying claim on the merits, the injury claimed in a motion for such relief must necessarily relate to the conduct alleged and permanent relief sought in a plaintiff's complaint." *Africa v. Vaughn*, Civ. No. 96-649, 1996 WL 677515, at p.1 (E.D. Pa. Nov. 21, 1996)(citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Stewart*, 762 F.2d at 198-199; *Penn v. San Juan Hospital*, 528 F.2d 1181, 1185 (10th Cir.

1975).

Thus, as the Court stated in *Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008), the plaintiff in a civil rights action who filed a motion for preliminary injunction "was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the Defendants and was in the public interest."(citation omitted). *See also Ball v. SCI-Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10).

In *Ball*, the Court stated:

> A preliminary injunction is not granted as a matter of right. *Kershner v. Mazurkewicz*, 670 F.2d 440, 443 (3d Cir.1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy that places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunction is the only way of protecting the plaintiff from harm. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir.1992). For [a Plaintiff] to sustain his burden of proof under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir.1998); *Kershner*, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied. *Hohe v. Casey*, 868 F.3d 69, 72 (3d Cir.1989).

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm.") Further, immediate irreparable injury is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir.1987). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.*, 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ...."

> *Acierno,* 40 F.3d at 655 (citation omitted).
>
> ..................................................................................................
>
> Other considerations in assessing a motion for preliminary injunctive relief is the possible harm to other interested parties if the relief is granted, *see Kershner,* 670 F.2d at 443, and whether the issuance of relief would be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Corp.,* 269 F.3d 1149, 1154 (10th Cir.2001).

*Id.,* *4-*5.

In light of the aforementioned pleadings and preliminary injunction standards discussed by both the Third Circuit and Middle District of Pennsylvania, we respectfully recommend the Court deny Plaintiff's Document 38 Motion for Declaratory and Injunctive Relief and a Permanent Restraining Order because: (1) the issues raised in Plaintiff's Document 38 Motion are entirely different from those raised in Plaintiff's Document 10 Amended Complaint; and (2) Plaintiff has failed to prove that he is likely to succeed on the merits of his claim and that denial of his motion would lead to irreparable harm.

First and foremost, we agree with Defendants' Brief in Opposition argument that the issues raised in Plaintiff's motion are entirely different from those raised in Plaintiff's Document 10 Amended Complaint. The issue Plaintiff raises in his Document 38 Motion revolves around alleged retaliation by Defendants who have been terminated from this action. While the Court dismissed Plaintiff's First Amendment retaliation claim without prejudice in an Order dated October 5, 2012, Plaintiff did not amend his First Amendment retaliation claim, and, therefore, this claim is effectively dismissed entirely because Plaintiff has failed to properly allege the elements of this claim in a second Amended Complaint in order to prevent this claim from being dismissed with prejudice as required by the Court's Order. (Doc. 19). Therefore,

because the only claim Plaintiff has remaining from his Amended Complaint is his Eighth Amendment conditions of confinement claim, and because Plaintiff's Document 38 Injunction Motion, as discussed, focuses on alleged retaliation by officials who are no longer a parties to this action, we agree with Defendants that the issues raised in Plaintiff's Document 38 motion are entirely different from those that were raised and permitted to proceed in his Document 10 Amended Complaint. As stated, a court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985). Therefore, because the issues raised in Plaintiff's Document 38 motion are different from those raised in his Document 10 Amended Complaint, we will recommend that the Court deny Plaintiff's Document 38 Motion.

Even if the Court does not agree that the issues raised in Plaintiff's Document 38 Motion are entirely different from those raised in his Document 10 Amended Complaint, Plaintiff's Document 38 motion should still be denied because has clearly failed to prove the elements necessary for this Court to grant his motion. To reiterate, in order for a court to grant injunctive relief, a plaintiff must prove the following elements: : (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate

11

irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143.

The Third Circuit defined "irreparable harm": "[t]he word irreparable connotes that which cannot be repaired, retrieved, put down again, atoned for . . ." *Acierno v. New Castle County*, 40 F.3d 645, 653-655 (3d Cir.1994) (citations omitted). A Plaintiff can establish the "irreparable injury" element by "showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.'" *Ball*, 2010 WL 4352929, *5 (M.D. Pa. 10-27-10)(citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir.1989)). Therefore, immediate irreparable harm is more than merely serious or substantial harm. Furthermore, as the *Ball* Court explained, a claimed irreparable injury cannot merely be "possible, speculative or remote." *Ball v. SCI-Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10) (citing *Dice v. Clinicorp, Inc.*, 887 F.Supp. 803, 809 (W.D.Pa.1995)).

Given this explanation of what constitutes irreparable harm, we find that Plaintiff has failed to provide this Court with evidence that irreparable injury is more than merely possible, speculative or remote. Plaintiff instead states that he has already suffered irreparable harm due to retaliation at the hands of SCI-Huntingdon officials who are not Defendants in this action. He further states that he will continue to suffer irreparable harm if the Court does not stop this alleged retaliation because it is resulting in Plaintiff's property being destroyed, mail intercepted, and medications and food being denied. However, this fear that he will suffer irreparable harm at the hands of the Defendants in this action is merely speculative, possible and/or remote, and, therefore, does not rise to the level of irreparable harm as defined by the Third Circuit because

his fear remains unsupported by any factual information that the Defendants involved in this action will cause Plaintiff to suffer irreparable harm. Any harm Plaintiff has allegedly suffered has been at the hands of those who are not a party to this action.

Furthermore, Plaintiff has not demonstrated a likelihood of success on the merits of his retaliation claim because, as stated, Plaintiff failed to properly allege his retaliation claim in a second Amended Complaint. Therefore, he cannot possibly succeed on the merits of his claim because he has not even raised this claim properly. His retaliation claim has been dismissed with prejudice based on Plaintiff's failure to file a second Amended Complaint properly alleging this claim.

Therefore, because the issues raised in Plaintiff's Document 38 motion are entirely different from the issues raised in and permitted to proceed from his Document 10 Amended Complaint, because Plaintiff has not proved that he will suffer irreparable harm at the hands of Defendants involved in this action and past harm that is merely speculative, and because Plaintiff has not proved that he is likely to succeed on the merits of his claim, we will respectfully recommend that Plaintiff's Document 38 Motion for Declaratory and Injunctive Relief and a Permanent Restraining Order be denied.

## III. RECOMMENDATION

Based on the foregoing discussion, we respectfully recommend that the Court **DENY** Plaintiff's Motion for Declaratory and Injunctive Relief and a Permanent Restraining Order **(Doc. 38)**.

                                                                                                          **THOMAS M. BLEWITT**
                                                                                                          **United States Magistrate Judge**

Dated: April 19, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLUS A. JONES, | : | CIVIL ACTION NO. 3:12-CV-0487 |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN WETZEL, et al., | : | |
| Defendants | : | |

NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated April 19, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to timely file objections to the foregoing Report and Recommendation may constitute a wavier of appellate rights.

_____
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: April 19, 2013