# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLUS A. JONES, | : | No. 3:12cv487 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| TAYLOR, CAMPBELL and | : | |
| MCCLOSKEY, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation ("R&R"). (Doc. 62). The R&R proposes that Plaintiff Marcellus A. Jones' ("Jones") motion for injunctive relief be denied. (Doc. 38). Jones filed objections to the R&R making this case ripe for disposition. (Doc. 66).

## **Background**

On March 10, 2012, Jones, an inmate presently confined at the State Correctional Institution in Huntingdon, Pennsylvania, ("SCI-Huntingdon") initiated the above-captioned *pro se* action by filing a complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1, Compl.). In his complaint, Jones alleges twelve (12) employees of SCI-Huntingdon terrorized him in violation of his Eighth Amendment right against cruel and unusual punishment.

Jones' complaint was screened by Magistrate Judge Blewitt and on

March 23, 2012, Judge Blewitt directed Jones to file an amended complaint. (Doc. 6). Jones filed a timely amended complaint on April 24, 2012, claiming eleven (11) individual SCI-Huntingdon employees were not properly trained or supervised. Additionally, Jones asserted a myriad of First and Eighth Amendment violations against these eleven (11) defendants. (Id.)

Magistrate Judge Blewitt issued an R&R on September 11, 2012, (Doc. 16), which the court adopted on October 5, 2012 (Doc. 18). The court dismissed all of Jones' claims except for his Eighth Amendment claim pertaining to the conditions of his confinement against Defendants Taylor, Campbell and McCloskey ("defendants"). (Id.)

On February 8, 2013, Jones filed a motion for an injunction and brief in support thereof on February 15, 2013. (Docs. 38, 40). Defendants filed a brief in opposition, (Doc. 41), making the issue ripe for an R&R. On April 19, 2013, Magistrate Judge Blewitt issued an R&R, in which he recommends denying Jones' motions for two reasons. First, the issues raised by Jones in his motion for injunctive relief are entirely different from his Eighth Amendment claim. Second, Jones' substantive arguments for injunctive relief failed on the merits.

On May 1, 2013, Jones filed objections to Magistrate Judge Blewitt's recommendations. (Doc. 66). For the following reasons, Jones' objections will

2

be overruled and his motion for injunctive relief will be denied.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Jones objects to the recommendation that the court deny his motion for an injunction. Jones' motion asserts a First Amendment retaliation claim against eleven (11) Pennsylvania Department of Corrections ("PA DOC") employees. Specifically, Jones alleges that, because he has filed administrative grievances, PA DOC employees are denying him food and medication, not delivering his mail, mishandling his property and torturing and terrorizing him. Magistrate Judge Blewitt recommends denying Jones' motion because Jones' claims for injunctive relief are entirely different from those

3

raised in his amended complaint and the injunction fails on the merits. After a careful review of the record, we agree with Magistrate Judge Blewitt.

The United States Supreme Court has instructed that injunctive relief should be reserved for "extraordinary" situations. Sampson v. Murray, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit Court of Appeals has held that the granting of injunctive relief is an exercise of a far-reaching power, never to be exercised except in a case clearly demanding it. Warner Bros. Pictures v. Gittone, 110 F.2d 292, 293 (3d Cir. 1940). Further, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v. Freedom Forge Corp., 204 F.3d 475, 487 (3d Cir. 2000) (citing Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). Moreover, the law provides that a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint. See De Beers Consol. Mines v. United States, 325 U.S. 212, 220-23 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (3d Cir. 1997); Stewart v. U.S. Immigration & Naturalization Serv., 762 F.2d 193, 198-99 (2d Cir. 1985).

4

In the present case, Jones argues for injunctive relief on the basis that his First Amendment rights have been and will continue to be violated by PA DOC employees. The sole surviving issue in Jones' amended complaint, however, is an Eighth Amendment conditions of confinement claim. Thus, the court does not have jurisdiction over the claims raised by Jones in his motion for an injunction because those matters are not part of this action. See De Beers, 325 U.S. at 220-23; Kaimowitz, 122 F.3d at 43; Stewart, 762 F.2d at 198-99.

Even if the court had jurisdiction over the claims raised by Jones in his motion for an injunction, Jones fails to establish the underlying elements necessary for granting such relief. In considering a motion for injunctive relief, the district court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Pa. Dept. of Educ., 230 F.3d 582 (3d Cir. 2000). "A failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In re Arthur Treacher's Franchise Litig., 689 F.2d

5

1137, 1143 (3d Cir. 1982).

Here, Jones fails to provide the court with evidence that irreparable injury is more than mere speculation. Jones simply alleges that "defendants repeated torture, abuse, attacks and physical/mental terrorism of plaintiff (which continues to the present day) [constitutes] immediate and irreparable injury, damage and loss." (Doc. 38, Pl.'s Mot. for Injunction at 2). These conclusory allegations of speculative irreparable harm fail to rise to the level of irreparable harm necessary to satisfy this element. See Adams, 204 F.3d at 488 (stating that the risk of irreparable harm must not be speculative); Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 803 (3d Cir. 1989) (finding that an injunction will not lie in the absence of a clear factual record separate and apart from general statements and assertions).

Additionally, Jones has failed to demonstrate a likelihood of success on the merits. The merits of Jones' injunction pertain to a First Amendment claim alleging Jones is being retaliated against by PA DOC employees for filing administrative grievances. This is the same claim that was dismissed by the court on October 5, 2012. (See Doc. 18, Mem. & Order dated Oct. 5, 2012 at 1-3). Simply put, Jones cannot plead the same allegations in a motion for an injunction and realistically expect to be successful on the merits when those

6

same allegations were previously dismissed by the court.  Accordingly, Jones' objection will be overruled.

**Conclusion**

For the reasons stated above, the court will overrule Jones' objection and adopt the R&R.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCELLUS A. JONES, | : | No. 3:12cv487 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| TAYLOR, CAMPBELL and MCCLOSKEY, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 7th day of May 2013, it is **HEREBY ORDERED** as follows:

1. Plaintiff's written objections to the Report and Recommendation (Doc. 66) are **OVERRULED**;

2. The Report and Recommendation of Magistrate Judge Blewitt (Doc. 62) is **ADOPTED**;

3. Plaintiff's motion for injunctive relief (Doc. 38) is **DENIED**; and

4. The Clerk of Court is directed to remand this case to Magistrate Judge Blewitt for further pretrial management.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

8