IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCELLUS A. JONES,** | : | No. 3:12cv487 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Mehalchick) |
| **TAYLOR, CAMPBELL and MCCLOSKEY,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Karoline Mehalchick's report and recommendation (hereinafter "R&R"). (Doc. 86). The R&R proposes granting defendants' motion for summary judgment on plaintiff's Eighth Amendment conditions of confinement claim. (Doc. 74). Plaintiff filed objections to the R&R (Doc. 94), and they are ripe for disposition.

## **Background**

In 2011, Plaintiff Marcellus A. Jones (hereinafter "plaintiff") was incarcerated within the Restricted Housing Unit at the State Correctional Institution in Huntingdon (hereinafter "SCI-Huntingdon"). (Doc. 77, Defs.' Statement of Material Facts (hereinafter "SOF") ¶ 1). Between May 23, 2011 and June 6, 2011, Plaintiff was issued ten (10) misconduct reports for spitting on staff. (Id. ¶¶ 3-17). These incidents occurred while Plaintiff was housed within an observation cell at SCI-Huntingdon. (Id. ¶ 23).

On June 7, 2011, Defendant Taylor ordered Defendants Campbell and McCloskey to place packing tape around the sides and top of the door where plaintiff had been spitting. (Doc. 76-10, Ex. J, Decl. of Lt. A. Taylor (hereinafter "Taylor Decl.") ¶¶ 28-29). The tape was a temporary measure until the facility was able to construct a mobile partition that could be placed in front of plaintiff's cell. (Id. ¶ 34). The packing tape was only on plaintiff's cell for one or two days. (Id.)

In response, plaintiff initiated the above-captioned *pro se* action by filing a complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1, Compl.). In his complaint, plaintiff alleged twelve (12) employees of SCI-Huntingdon terrorized him in violation of his Eighth Amendment right against cruel and unusual punishment.

Magistrate Judge Blewitt screened plaintiff's complaint and on March 23, 2012, directed plaintiff to file an amended complaint. (Doc. 6). Plaintiff filed a timely amended complaint on April 24, 2012, claiming eleven (11) individual SCI-Huntingdon employees were not properly trained or supervised. (Doc. 10, Am. Compl.). Additionally, plaintiff asserted a myriad of First and Eighth Amendment violations against these eleven (11) defendants. (Id.)

Magistrate Judge Blewitt issued an R&R on September 11, 2012, (Doc.

2

16), which the court adopted on October 5, 2012 (Doc. 18).  The court dismissed all of plaintiff's claims except for his Eighth Amendment conditions of confinement claim against Defendants Taylor, Campbell and McCloskey (collectively "defendants") regarding the placement of tape around his cell door.  (Id.)

At the conclusion of discovery, defendants filed a motion for summary judgment.  (Doc. 74).  On January 30, 2014, Magistrate Judge Mehalchick issued an R&R recommending that the court grant defendants' motion for summary judgment.[1]  On March 11, 2014, plaintiff filed objections to the R&R (Doc. 94) bringing this case to its present posture.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further

---

[1] This case was assigned to Magistrate Judge Mehalchick on July 15, 2013.

evidence or recommit the matter to the magistrate judge with instructions.  Id.

Furthermore, granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248.  A fact is material if it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden

by establishing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts within affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial. Id. at 324.

**Discussion**

Plaintiff objects to the recommendation that the court grant the defendants' motion for summary judgment regarding his Eighth Amendment claim. Specifically, plaintiff alleges that the defendants' decision to place tape around his cell door was a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The defendants contend that their decision to tape plaintiff's cell door fails to rise to the level of cruel and unusual punishment. After a careful review, we agree with the defendants.

The Eighth Amendment forbids prison officials from subjecting prisoners to inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures

to guarantee the safety of the inmates[.]'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  Under Farmer, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official defendants if demonstrated.  Id. at 834.

Stated differently, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness.  Farmer, 511 U.S. at 834-35 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must demonstrate that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Whether the harm is objectively serious is measured by society's view of the risk to the prisoner's health and safety, that is, "whether 'it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'"  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 257 (3d Cir. 2010) (quoting Helling v. McKinney, 509 U.S. 25, 36 (1993)).  Restrictive or harsh conditions are part of prison life.  Rhodes, 452 U.S. at 347.  Only conditions

6

that deprive the prisoner of one of life's necessities, such as food, water, clothing, shelter, and medical care are unconstitutional.  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  Thus, a constitutional deprivation does not exist unless the condition is objectively serious.

In the instant case, defendants have established that between May 23, 2011 and June 6, 2011, plaintiff was issued ten (10) misconduct reports for spitting on staff.  (SOF ¶¶ 3-17).  Specifically, plaintiff was spitting at officers though ¼ inch cracks between the door and doorframe of his cell.  (Id. ¶¶ 24-25).

Based on plaintiff's expectorating campaign against the defendants, Defendant Taylor ordered Defendants Campbell and McCloskey to place packing tape around the sides and top of the door where plaintiff had been spitting.  (Taylor Decl. ¶¶ 28-29).  The tape was used as a temporary measure until the facility was able to construct a mobile partition that could be used in front of plaintiff's cell.  (Id. ¶ 34).  The packing tape was on plaintiff's cell for one or two days.  (Id.)

Furthermore, defendants have demonstrated that plaintiff had ample ventilation inside his cell while his cell door was taped.  First, the vent inside plaintiff's cell was not obstructed and circulated fresh air.  (SOF ¶¶ 29, 36).

7

Second, the existence of gaps between the floor and ceiling and the Lexon plastic covering allowed air to flow freely in and out of plaintiff's cell. (Id. ¶ 28). Third, numerous holes were drilled into the Lexon plastic covering an inch away from the top and an inch away from the floor. (Id. ¶ 27). These holes also allowed air to flow freely into and out of the cell. (Id.) As such, the burden shifts to plaintiff, who must go beyond his pleadings, and designate specific facts within affidavits, depositions, admissions, or answers to interrogatories demonstrating the existence of a genuine issue for trial. Celotex, 477 U.S. at 324.

Here, plaintiff fails to go beyond his pleadings and designate any specific fact, beyond conjecture and speculation, which establish that the defendants' actions subjected him to an objectively serious condition. See Griffin, 112 F.3d at 709 (stating that only conditions that deprive the prisoner of one of life's necessities, such as food, water, clothing, shelter, and medical care are unconstitutional). At most plaintiff has established that defendants prevented him from spitting on them. Plaintiff, however, does not have a constitutional right to spit on his jailers in such a manner. This complete failure of proof on an essential element of plaintiff's claim entitles defendants to judgment as a matter of law regarding plaintiff's Eighth Amendment claim. Celotex, 477 U.S.

8

at 322-23.  Accordingly, plaintiff's objection will be overruled and the court will grant defendants' motion for summary judgment.

**Conclusion**

For the reasons stated above, the court will overrule plaintiff's objections and adopt the R&R granting defendants' motion for summary judgment on plaintiff's Eighth Amendment claim.  Plaintiff has failed to demonstrate a genuine issue of material fact, which entitles defendants to judgment as a matter of law.  An appropriate order follows.

**Date:   3/24/14**                                     **s/ James M. Munley**
                                                                   **JUDGE JAMES M. MUNLEY**
                                                                   **United States District Court**