IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLUS A. JONES,<br>　　　　Plaintiff<br><br>　　v.<br><br>TAYLOR, CAMPBELL and<br>MCCLOSKEY,<br>　　　　Defendants | No. 3:12cv487<br><br>(Judge Munley)<br><br>(Magistrate Judge Mehalchick) |

## MEMORANDUM

Before the court for disposition is plaintiff's motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  (Doc. 97). Plaintiff's motion seeks alteration of our memorandum and order (Docs. 95, 96), which granted defendants' motion for summary judgment.  For the following reasons, we will deny plaintiff's motion.

**Background**

In 2011, Plaintiff Marcellus A. Jones (hereinafter "plaintiff") was incarcerated within the Restricted Housing Unit at the State Correctional Institution in Huntingdon, Pennsylvania (hereinafter "SCI-Huntingdon"). (Doc. 77, Defs.' Statement of Material Facts (hereinafter "SOF") ¶ 1). Between May 23, 2011 and June 6, 2011, Plaintiff was issued ten (10) misconduct reports for spitting on staff.  (Id. ¶¶ 3-17).  These incidents occurred while Plaintiff was housed within an observation cell at SCI-Huntingdon.  (Id. ¶ 23).

On June 7, 2011, Defendant Taylor ordered Defendants Campbell and McCloskey to place packing tape around the sides and top of the door where plaintiff had been spitting. (Doc. 76-10, Ex. J, Decl. of Lt. A. Taylor (hereinafter "Taylor Decl.") ¶¶ 28-29). The tape was a temporary measure until the facility was able to construct a mobile partition that could be placed in front of plaintiff's cell. (Id. ¶ 34). The packing tape was only on plaintiff's cell for one or two days. (Id.)

In response, plaintiff initiated the above-captioned *pro se* action by filing a complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1, Compl.). In his complaint, plaintiff alleged employees of SCI-Huntingdon terrorized him in violation of his Eighth Amendment right against cruel and unusual punishment.

At the conclusion of discovery, defendants filed a motion for summary judgment (Doc. 74), which Magistrate Judge Karoline Mehalchick recommended granting. On March 24, 2014, we adopted Judge Mehalchick's R&R and granted summary judgment in favor of defendants. (Doc. 95). Plaintiff then filed the instant motion bringing the case to its present posture.

**Legal Standard**

In the present case, plaintiff has filed a motion to alter or amend a judgment pursuant to federal rule of Civil Procedure 59.  "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridid v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion to alter or amend judgment is subject to the "sound discretion of the district court."  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001).

**Discussion**

In our Memorandum dated March 24, 2014, we granted defendant's motion for summary judgment on plaintiff's Eighth Amendment conditions of confinement claim.  Specifically, plaintiff alleged that the defendants' decision to place tape around his cell door was a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

As we stated in our memorandum, the Eighth Amendment forbids prison officials from subjecting prisoners to inhumane conditions of

confinement.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  Under Farmer, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official defendants is demonstrated.  Id. at 834.

Stated differently, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness.  Farmer, 511 U.S. at 834-35 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must demonstrate that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

Whether the harm is objectively serious is measured by society's view of the risk to the prisoner's health and safety, that is, "whether 'it

violates contemporary standards of decency to expose anyone unwillingly to such a risk.'"  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 257 (3d Cir. 2010) (quoting Helling v. McKinney, 509 U.S. 25, 36 (1993)). Restrictive or harsh conditions are part of prison life.  Rhodes, 452 U.S. at 347.  Only conditions that deprive the prisoner of one of life's necessities, such as food, water, clothing, shelter, and medical care are unconstitutional.  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). Thus, a constitutional deprivation does not exist unless the condition is objectively serious.

Based on these standards, we held that defendants' decision to place packing tape around the sides and top of the door where plaintiff had been spitting was not an Eighth Amendment violation for two reasons. (Doc. 95, Mem. dated March 24, 2014 at 7-8).  First, the tape was used as a temporary measure until the facility was able to construct a mobile partition that could be used in front of plaintiff's cell.  (Id. at 7).  Second, defendants established that plaintiff had ample ventilation inside his cell while his cell door was taped.  (Id.)  Specifically, the vent inside plaintiff's cell circulated fresh air and numerous holes were drilled into the Lexon

5

plastic covering an inch away from the top and an inch away from the floor allowing air to flow freely into and out of the cell.  (Id. at 7-8).

Plaintiff now moves to alter or amend our previous order.  The entirety of plaintiff's motion states, "And Now comes [plaintiff] to move this court pursuant to Federal Rule of Civil Procedure 59 for an order altering or amending the court's judgment entered on March 24, 2014."  (Doc. 97 at 1).

Initially, plaintiff's motion is not based on an intervening change in controlling law or new evidence not previously available.  Moreover, plaintiff fails to argue that the court committed a manifest error of law.  In short, plaintiff fails to establish any substantive reason for amending or altering our judgment.  Moreover, the court thoroughly considered and rejected plaintiff's Eighth Amendment conditions of confinement claim.  See Glendon Energy Co., 836 F. Supp. at 1122 (stating that a motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made); In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d at 640 ("It is improper on a motion for reconsideration to ask the court to rethink what it had already thought through–rightly or wrongly." (quotations marks and citations omitted)).

Therefore, we will deny plaintiff's request to alter or amend our memorandum and order granting summary judgment in favor of the defendants.

**Conclusion**

For the reasons stated above, plaintiff's motion to alter or amend a judgment will be denied.  An appropriate order follows.


**Date:  5/5/14**                                   **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**